EDITH H. JONES, Circuit Judge,
concurring in part and dissenting in part:
The Chief Judge’s opinion persuasively analyzes the critical question in this case, sever-ability under Louisiana law. Finding that Louisiana’s open primary law, taken together with the governing federal law setting an initial election date, is sufficiently severable from the invalid election dates, the opinion affirms Judge Polozola’s order. I do not disagree with the panel opinion in this respect. I write separately, however, to indicate that the district judge* did not, in my view, have the authority to enjoin Louisiana to conduct its open primary elections.indefinitely according to the dates set forth in his' injunction. The district court’s order should be viewed as a stop-gap measure, made necessary by the rapid onset of this fall’s election campaigns, but it does not remove the imperative for the Louisiana legislature to enact its own election dates.
The parties should not be misled into thinking that Judge Polozola’s order is a permanent substitute for proper legislative action. The train of events that led to‘this order may well have given them that impression, however. When the plaintiffs initially prevailed in this court, they sought an injunction restoring the Louisiana closed-primary system as it had existed before 1978. This court denied their request, describing such relief as a radical overhaul of the state’s election machinery, and remanded to the district court with instructions to defer to the legislature. The Supreme Court’s opinion does not reach the extent of affirmative relief to which the plaintiffs may be entitled. After remand to the district court, the Louisiana legislature failed to enact an alternate, constitutional set .of election dates for the open primary system. When the district court held its final remedial hearing before entering the order now on appeal, the plaintiffs again urged, citing Louisiana law, that the statutory timing of Louisiana’s open primary was non-severable from the rest of the scheme and that Louisiana must return to the pre-existing closed-primary system.
The district court may have known, as this court was informed only during oral argument, that Louisiana’s election system could not be wound back to its pre-1978 status. Plaintiffs conceded in our court that the state election law has changed so much as to make recourse to such a remedy utterly impracticable. Plaintiffs admitted, in essence, that their request for injunctive relief was founded on an impossibility. Faced with the prospect of impending elections, but with no help from the plaintiffs or the legislature, what was the district court to do? He chose the *388 sensible course of employing the federal November election date and adapting Louisiana’s December fall-back date for any runoffs following the open primary.
Rational though it appears, the district court’s temporary remedy, fashioned to accommodate the fall 1998 election, is not an ultimate solution to this litigation. This is not an area in which federal courts are even permitted, much less required or competent to fashion a remedy. First, federal courts do not have the authority to rewrite statutes to render them constitutional. Universal Amusement Co., Inc. v. Vance, 587 F.2d 159, 172 (5th Cir.1978) (en banc), aff'd. 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980). In this ease, only because of necessity as described above, the statute has been judicially rewritten: the date of the open primary has been moved from October to the first Tuesday in November, and any possible runoff date has been set to occur in December. Second, the finding that Louisiana’s election dates were in conflict with federal law engendered no obligation of the court to grant affirmative injunctive relief — other than to prevent operation of the offending provision. Unlike a civil rights or voting rights case, in which federal courts issue injunctions to protect the rights that have been abridged, this ease deals only with preemption. It is Louisiana’s business to amend the statute that ran afoul of governing federal law. Finally, federal courts must always be reluctant to tamper with state election mechanisms. White v. Weiser, 412 U.S. 783, 795, 93 S.Ct. 2348, 2355, 37 L.Ed.2d 335 (1973); Love v. Foster, 90 F.3d 1026, 1030 (5th Cir.1996). The Louisiana legislature’s inability to amend its law to adopt the district court’s simple solution strongly suggests that more is at play politically than the choice of election dates. Even if, as here, a temporary judicial intervention has become necessary, the state government must re-assume its legislative responsibilities at the earliest possible moment.
For these reasons, the district court’s remedy is good for this election only, but Louisiana must pass legislation to conform . its election law to federal requirements for any election following those of 1998.